**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard Lee CRAWFORD, Defendant-Appellant.**

No. 72-1257.

United States Court of Appeals, Tenth Circuit.

Sept. 20, 1972.

Edward P. Moriarity of McClintock, Mai, Urbigkit & Moriarity, Cheyenne, Wyo., for defendant-appellant.

Tosh Suyematsu, Asst. U. S. Atty. (Jack Speight, Asst. U. S. Atty., Cheyenne, Wyo., with him on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge and BARNES* and HILL, Circuit Judges.

* Senior Circuit Judge of the Ninth Circuit, sitting by designation.

LEWIS, Chief Judge.

Defendant was convicted and sentenced to imprisonment for a violation of the Dyer Act, 18 U.S.C. § 2312, the interstate transportation of a stolen automobile, knowing it to be stolen. He appeals from the judgment urging numerous contentions of trial error in addition to a preliminary contention of inherent unfairness in the prosecution based upon the circumstances of a pretrial plea bargaining incident and agreement.

Defendant readily admits that he did steal the subject car and does not deny that the vehicle was stolen in Colorado and was in his possession in Cheyenne, Wyoming. However, from the time of his original arrest by state police and continuing through his testimony at the federal trial, defendant has consistently contended that he stole the car in Cheyenne. His claim that he stole in Wyoming a car which, unknown to him, had been earlier stolen in Colorado was necessarily rejected by the federal jury when it returned a verdict against him. However, the pretrial plea bargaining was premised on the then uncertainty of his claim in that regard.

Defendant was originally arrested in Cheyenne, Wyoming by state authorities and charged with receiving stolen property, knowing the same to be stolen, a felony violation of Wyo.Stat. § 6–135. While he was in state custody he was interviewed by the United States District Attorney concerning a potential Dyer Act prosecution. Defendant firmly denied the interstate transportation element necessary for guilt under the Dyer Act. Although cautioned by the United States Attorney that the state charge carried a potential sentence of fourteen years[1] compared to a maximum of five years under the Dyer Act, defendant indicated he was willing to face the state prosecution rather than any term of incarceration in a federal prison. The United States Attorney then stated that if defendant would plead guilty to the state charge there would be no federal prosecution.

When defendant appeared in state court to plead, the state felony charge was reduced to a misdemeanor, petty larceny involving the subject car. This action was taken on motion of the county attorney, to the surprise of defendant's state-appointed counsel and over defendant's protest. After being informed that the state proceedings were not concerned with any agreement that might exist with federal officials, defendant plead guilty to petty larceny. He was sentenced and served an appropriate jail term.

After release from state custody, defendant was arrested and charged by complaint with a violation of the Dyer Act. This action was dismissed by the federal magistrate after a preliminary hearing, apparently for lack of satisfactory proof of interstate transportation. Almost immediately he was indicted and the instant prosecution resulted.

Except to note a deplorable lack of communication between federal and state authorities, neither the parties nor this court question in any way the good faith of state or federal officials. However, we cannot brush aside the ultimate result that has occurred and its inherent unfairness to defendant. We conclude that his contention in this regard is well taken.

As matters now stand, defendant has served a sentence for having stolen the subject car in Wyoming. He is presently serving a federal sentence for having stolen the same car in Colorado and transporting it to Wyoming. Defendant cannot be guilty of both offenses, nor could he have been guilty of a Dyer Act violation and the original state felony charge. Both petty larceny of the car and receiving stolen property are offenses that must occur within the state of Wyoming and guilt thereof, under the circumstances of this case, negate guilt under 18 U.S.C. § 2312. Although this situation might merely suggest over-

---

1. This was in error. The maximum is ten years.

tones of unresolved issues of collateral estoppel, it very clearly presents a proper case for the exercise of this court's supervisory power to prevent or correct an injustice caused or participated in by federal officers. The trial court erred in allowing this prosecution to proceed.

The judgment is reversed with instructions to dismiss the indictment.